IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION


JOHNNY L. MCGOWAN, JR.,           )
          )
     Plaintiff,           )
          )
vs.           )           1:16-cv-01253-JDT-egb
          )
CORRECTIONS CORPORATION OF      )
AMERICA, ET AL.,           )
          )
     Defendants.           )
_____

ORDER GRANTING EXTENSION OF TIME TO COMPLY WITH
28 U.S.C. § 1915(a)(2) OR PAY THE $400 CIVIL FILING FEE
_____


On September 19, 2016, the *pro se* prisoner Plaintiff, Johnny L. McGowan, Jr., filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) However, Plaintiff neglected to submit either the $400 civil filing fee required by 28 U.S.C. §§ 1914(a)-(b) or an application to proceed *in forma pauperis.* Accordingly, the Court issued an order on September 22, 2016, directing Plaintiff to submit either the entire $400 civil filing fee or an *in forma pauperis* affidavit and a copy of his trust account statement for the last six months, as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 3.) In the order Plaintiff was advised that he could seek one 30-day extension of time to comply, if necessary. (*Id* at 2.)

On October 5, 2016, Plaintiff filed a motion for an extension of time so that his family can pay the full filing fee in this case. (ECF No. 4.) That motion is GRANTED.

Plaintiff shall submit, within 30 days after the date of this order, either the entire $400

civil filing fee or an *in forma pauperis* affidavit and a copy of his trust account statement

for the last six months.[1]

Plaintiff is reminded that if he fails to comply with this order in a timely manner,

the Court will deny leave to proceed *in forma pauperis,* assess the $400 filing fee without

regard to the installment payment procedure, and dismiss the action without further

notice pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute. *See*

*McGore v. Wrigglesworth*, 114 F.3rd 601, 605 (6th Cir. 1997), *partially overruled on*

*other grounds by LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013).

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] The prior order pointed out that Plaintiff need not pay the entire fee at once. He may
have the fee paid in installments out of his inmate trust account if he submits the required
documents. Furthermore, even payment of the entire fee at once does not mean this case will
necessarily be allowed to proceed. *All* cases filed by prisoners are screened pursuant to 28
U.S.C. §§1915(e)(2)(B) and 1915A(b)(1). Once that screening process is complete, the Court
will issue an appropriate order.