IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOHNNY L. MCGOWAN, JR.,

    Plaintiff,

v.                                                                                                       No. 1:16-cv-01253-JDB-cgc

CORECIVIC, *et al.*,

    Defendants.

_____

ORDER DENYING PLAINTIFF'S REQUEST TO CONTINUE DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56(F) AND GRANTING HIS
MOTION FOR EXTENSION OF TIME TO FILE A RESPONSE TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
_____

        This action was filed in September 2016 by pro se Plaintiff, Johnny L. McGowan, currently a prisoner at the Northeastern Correctional Complex in Mountain City, Tennessee, alleging violations of his constitutional rights against Defendants, Dr. Bernhard Dietz, Tanesha Douglas, and Marquetta Golden.[1] (Docket Entry ("D.E.") 1.) Before the Court are Plaintiff's Rule 56(f) affidavit to continue Defendants' motion for summary judgment, (D.E. 84), and two motions for extension of time to respond to Defendants' motion, (D.E. 87, 91.)

        Generally, the ends of justice are best served when a case proceeds in a timely and orderly manner. Unfortunately, the discovery phase of this action has been contentious. In March 2018, Defendants filed a motion to compel written discovery that had been served on McGowan in December 2017, (D.E. 50), to which the inmate responded with a motion to strike and for sanctions, (D.E. 51.) The Court granted the motion to compel and denied Plaintiff's

---

[1]     McGowan also named other Defendants in his original complaint, but those parties have since been dismissed by order of District Judge James Todd. (D.E. 28.) This case was subsequently reassigned to this Judge. (D.E. 49.)

1

motion. (D.E. 52.) McGowan then filed two motions to compel of his own, arguing, *inter alia*, that Defendants' answers to his requests for discovery had been "evasive" and that they were otherwise withholding documents and other evidence. (D.E. 64, 74.) After the Court referred Plaintiff's motions to Magistrate Judge Charmaine Claxton for determination, (D.E. 67, 76), she entered an order denying both requests, (D.E. 90.)

In the intervening period, Defendants filed their sealed motion for summary judgment, (D.E. 80), to which Plaintiff responded by submitting a Rule 56(f) affidavit in which he asserted that discovery had not yet been completed, referring to the arguments he made in his motions to compel referenced *supra*, (D.E. 84.)

It is axiomatic that a plaintiff "must receive 'a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment,'" *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)), but the movant must show "[his] need for discovery, what material facts [he] hopes to uncover, and why [he] has not previously discovered the information," *Cacevic v. City of Hazel Park*, 226 F.3d 483 (6th Cir. 2000) (citing *Radich v. Goode*, 886 F.2d 1391, 1393–94 (3d Cir. 1989)). Furthermore, to comply with Rule 56(f)'s requirements, the affidavit "must 'state with some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials would help him in opposing summary judgment.'" *Westerfield v. United States*, 366 F. App'x 614, 618 (6th Cir. 2010) (quoting *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004)). The burden of demonstrating that additional discovery is necessary lies with the party seeking the Rule's protection. *Summers*, 368 F.3d at 887 (citing *Wallin v. Norman*, 317 F.3d 558 (6th Cir. 2003)).

In his Rule 56(f) affidavit, McGowan relies entirely on the contentions he made in his motions to compel. (D.E. 84.) Those arguments were rejected by Magistrate Judge Claxton in her order, and McGowan has not presented any timely objections to Judge Claxton's ruling. Therefore, for the reasons set forth in the magistrate judge's order, Plaintiff's motion to continue Defendants' summary judgment is DENIED.

Because Plaintiff has been awaiting the Court's response to his 56(f) affidavit, his motions for an extension of time to respond to Defendants' motion are GRANTED. McGowan shall have thirty days from the entry of this order in which to respond to Defendant's motion. No further extensions will be allowed.

IT IS SO ORDERED this 28th of November 2018.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE